IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERMAN STEWARD,                    *
                                    *
              Plaintiff,            *
                                    *        No. 4:15-cv-00299-SWW
vs.                                 *
                                    *
                                    *
WFM-WO, INC. d/b/a WHOLE            *
FOODS MARKET,                       *
                                    *
              Defendant.            *

OPINION AND ORDER

Sherman Steward, a 54-year old black male, brings this action against his former

employer, WFM-WO, Inc. d/b/a Whole Foods Market (Whole Foods), alleging race and

age discrimination, and retaliation for making complaints of race and age discrimination.

Steward brings his claims pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in employment Act

(ADEA), 29 U.S.C. § 621 *et seq.*[1]

The matter is before the Court on motion of Whole Foods for summary judgment

[doc.#15].  Steward has not responded to Whole Foods's motion and the time for doing so

has passed.  For the reasons that follow, the Court grants Whole Foods's motion for

summary judgment.

I.

---

[1] In the sections of his complaint addressing damages and his prayer for relief, Steward references the Family Medical and Leave Act (FMLA) but nowhere in his complaint does he state any facts in support of an FMLA claim.

Steward has failed to file, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, a statement of the material facts as to which he contends a genuine issue exists to be tried.  Steward has thus admitted the facts as set forth by Whole Foods in its Statement of Undisputed Facts [doc.#16-13] as to which it contends there is no genuine issue to be tried.[2]  Accordingly, the facts as described in Whole Foods's motion for summary judgment and set forth below are the undisputed facts of this case.  See *Beavers v. Bretherick*, 227 Fed.Appx. 518 (8th Cir. 2007) (per curiam) (citing Local Rule 56.1(c) in concluding that the facts as described in unopposed motion for summary judgment are the undisputed facts of the case).

## A.

On November 10, 2013, Steward was hired by Whole Foods to work as a Team Member on the Prepared Foods Team at the Whole Foods located at 1620 Market Street in Little Rock, Arkansas.  Upon his hiring that day, Steward was provided a copy of Whole Foods's General Information Guide (GIG) and he signed an acknowledgment of his receipt of the GIG.  The GIG sets forth Whole Foods's policies on subjects including

---

[2] Local Rule 56.1(a) provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried."  Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried."  Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

workplace discrimination and harassment and the progressive discipline of employees, including written warnings, a final written warning, and discharge.

On March 19, 2014, Steward received a written Unsatisfactory Work Warning after arriving late for his shift.  Steward signed an acknowledgment of his receipt of the warning.

On June 21, 2014, Steward received a written Unsatisfactory Work Warning for violation of food safety procedures by leaving food out and allowing it to spoil.  Steward signed an acknowledgment of his receipt of the warning.

On June 27, 2014, Steward received a written Unsatisfactory Work Warning after missing three days of work and arriving late for his shift.  Steward signed an acknowledgment of his receipt of the warning.

On July 16, 2014, Steward received a written Unsatisfactory Work Warning for addressing his Team Leader as a "young man" and saying that his Team Leader "needed to get a dictionary."  This July 16, 2014 warning was a final warning and stated as follows: "THIS IS A FINAL WARNING.  FAILURE TO CORRECT THIS SITUATION WILL RESULT IN TERMINATION."  Steward signed an acknowledgment of his receipt of the warning.

On October 21, 2014, Steward was terminated from his position at Whole Foods. Steward's Team Member Separation form gives the following explanation for Steward's termination: "Sherman has repeated[ly] exhibited inappropriate conduct in dealing with other Team Members that has unreasonably interfered with the team's work performance,

in addition engaging in inappropriate behavior that was to [sic] disruptive and disrespectful towards Store Leadership and the company in an All-Store Meeting." Steward left the meeting where he was informed of his termination before signing the Team Member Separation form, and before the reasons for his termination could be explained to him.  At the time of his discharge, Steward was 52 years old.

## II.

Whole Foods moves for summary judgment on grounds that Steward has not established a direct or prima facie case of race discrimination, he has not established a direct or prima facie case of age discrimination, he has not established a prima facie case of retaliation, and he in any case has not shown that Whole Foods's legitimate, nondiscriminatory reason for his termination is pretextual.

## A.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).  To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," or show "that the materials cited do not establish the absence or presence of a genuine dispute," or "that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A)-(B).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed.R.Civ.P. 56(c)(3).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the

motion. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (citations omitted). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and quotation marks omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587 (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*.

### B.

In not responding to Whole Foods's motion for summary judgment, Steward has not contested the arguments Whole Foods has set forth in its motion that it states entitles it to summary judgment. Accordingly, Steward has waived those arguments. See *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes a waiver of that argument").

### 1.

To survive a motion for summary judgment on a race discrimination claim, a plaintiff must either present admissible evidence directly indicating unlawful discrimination, or create an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973).  *Macklin v. FMC Transport, Inc.*, 815 F.3d 425, 427 (8th Cir. 2016) (quotation

marks and citation omitted).  Because Steward has presented no direct evidence of

discrimination,[3] he must prove race discrimination under the *McDonnell Douglas* burden-

shifting framework.  *Id.*  Under that framework, a presumption of discrimination arises

when the plaintiff establishes a prima facie case of discrimination.  *Id.*  To establish a

prima facie case for race discrimination, Steward must show (1) he is a member of a

protected class, (2) he met his employer's legitimate expectations, (3) he suffered an

adverse employment action, and (4) the circumstances give rise to an inference of

discrimination (for example, similarly situated employees outside the protected class were

treated differently).  *Id.*  If Steward establishes his prima facie case, the burden shifts to

Whole Foods to show a nondiscriminatory reason for the adverse action.  *Id.*  If Whole

Foods does so, the burden shifts back to Steward to establish that the proffered

nondiscriminatory reason is pretextual.  *Id.*, at 427-28.

Steward does not dispute Whole Foods's argument that he failed to show that he

was meeting his employer's legitimate expectations and that the circumstances

surrounding his termination give rise to an inference of discrimination.  Accordingly,

Steward has not established a prima facie case of race discrimination and he in any case

has not shown that Whole Foods's legitimate, nondiscriminatory reason for his

---

[3] Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (quotation marks and citation omitted).

termination–that he engaged in disruptive and disrespectful behavior during an all-store meeting and had an altercation with a fellow co-worker while on final warning for using disrespectful and insubordinate language with his Team Leader–is pretextual.

2.

To survive a motion for summary judgment on an age discrimination claim, a plaintiff must either present admissible evidence directly indicating unlawful discrimination, or create an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas*. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003-004 (8th Cir. 2015). Because Steward has presented no direct evidence of age discrimination, he must prove age discrimination under the *McDonnell Douglas* burden-shifting framework. *Id.*, at 1004. Under that framework, a presumption of discrimination arises when the plaintiff establishes a prima facie case of discrimination. *Id.* To establish a prima face case of age discrimination, Steward must show (1) he was at least 40 years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time he was terminated; and (4) he was replaced by an individual who was substantially younger. *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468 (8th Cir. 2011) (citation omitted). If Steward establishes a prima facie case, the burden shifts to Whole Foods to provide a legitimate, nondiscriminatory reason for the termination. *Id.* If Whole Foods provides such a reason, the burden returns to Steward to prove Whole Foods's reason was mere pretext for discrimination. *Id.* The ADEA requires a plaintiff to show that age was a but-for cause of an adverse action. *Id.* (citing *Gross v. FBL Fin. Servs.,*

*Inc.*, 557 U.S. 167, 180 (2009)).

Steward does not dispute Whole Foods's argument that he failed to show that he was meeting his employer's reasonable expectations at the time he was terminated and that he was replaced by an individual who was substantially younger.  Accordingly, Steward has not established a prima facie case of age discrimination and he in any case has not shown that Whole Foods's legitimate, nondiscriminatory reason for his termination–that he engaged in disruptive and disrespectful behavior during an all-store meeting and had an altercation with a fellow co-worker while on final warning for using disrespectful and insubordinate language with his Team Leader–is pretextual.

3.

To survive a motion for summary judgment on a retaliation claim, a plaintiff may either offer direct evidence of retaliation or satisfy the *McDonnell Douglas* burden-shifting framework.  *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014).  Having failed to produce direct evidence of retaliation,[4] Steward must first establish a prima facie case of retaliation by proving (1) he engaged in statutorily protected conduct, (2) he suffered an adverse employment action, and (3) a causal connection exists between the two.  *Fiero v. CSG Systems, Inc.*, 759 F.3d 874, 880 (8th Cir. 2014) (quotation marks and citations omitted).  If Steward establishes a prima facie case, Whole Foods must then rebut it by

---

[4] "'Direct evidence of retaliation is evidence that demonstrates a specific link between a materially adverse action and the protected conduct, sufficient to support a finding by a reasonable fact finder that the harmful adverse-action was in retaliation for the protected conduct.'"  *Id.* (citation omitted).

presenting evidence of a legitimate, non-retaliatory reason for the action it took against Steward. *Id.* If Whole Foods satisfies this burden, Steward is then obliged to present evidence that (1) creates a question of fact as to whether Whole Foods's proffered reason was pretextual and (2) creates a reasonable inference that Whole Foods acted in retaliation. *Id.* Retaliation claims under Title VII and the ADEA require "but-for" causation. *Brainard v. City of Topeka*, 597 Fed.Appx. 974, 981 (10th Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. —, —, 133 S.Ct. 2517, 2534 (2013) (Title VII); *Gross*, 557 U.S. at 176 (ADEA)).

Steward does not dispute Whole Foods's argument that he failed to show that he has failed to present evidence of a causal connection between his reports to corporate management about alleged disrespectful or discriminatory treatment he was subjected to and any statutorily protected conduct in which he engaged. Accordingly, Steward has not established a prima facie case of retaliation and he in any case has not shown that Whole Foods's legitimate, non-retaliatory reason for his termination–that he engaged in disruptive and disrespectful behavior during an all-store meeting and had an altercation with a fellow co-worker while on final warning for using disrespectful and insubordinate language with his Team Leader–is pretextual.

## III.

For the foregoing reasons, the Court grants Whole Foods's motion for summary judgment [doc.#15]. The Court will enter judgment accordingly.

IT IS SO ORDERED this 21st day of April 2016.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE